274          NEW YORK PRACTICE REPORTS.

Maloy agt. N. Y. Central R.R. Co.

# SUPREME COURT.

## LAWRENCE MALOY agt. THE NEW YORK CENTRAL RAILROAD COMPANY.

Questions of negligence on controverted facts, are questions for the jury, not questions of law for the court.

The rule applied to a case where, among other defenses founded on negligence, it was claimed by defendant that the injury to the arm of plaintiff which was the subject of the action, was aggravated by the negligence of plaintiff in omitting remedies which he ought to have applied to relieve himself.

It is the duty of the plaintiff in such a case, to take proper care of the injured member. But, where the evidence is properly submitted to the jury, they are the judges of what is proper care and treatment.

The evidence in this case tended to show that the injury to plaintiff's arm, and wrist was very severe, and probably permanent in its character:

*Held,* that $2,500 was not excessive damages.

*Erie General Term, February,* 1870.

THIS was an action to recover damages for injuries suffered by the plaintiff by falling into a hole opened and left by the workmen of the defendant in a public sidewalk, crossing its tracks at Niagara Falls. It was claimed by plaintiff that defendant was negligent in leaving the hole open, and unguarded during a whole night; and by the defendant that plaintiff was negligent in walking where he could not see without a light; also in omitting to apply proper remedies to his injured arm, after the accident. The facts in evidence are sufficiently referred to in the opinion of the court. The case arose on defendant's appeal from order of special term, denying a new trial.

HOLMES & FITTS, *for plaintiff.*
A. P. LANING, *for defendant.*

*By the court,* MARVIN P. J.—The evidence proved or tended to prove that the defendant, in the year 1862, while making certain repairs to its railway track, at or near Niagara Falls, took up and moved some of the plank of the sidewalk, which sidewalk crossed the said road-tracks, leaving a hole or depression of some ten or twelve inches; that the plaintiff in passing along the sidewalk, about nine o'clock in the evening, a dark and rainy night, stepped into the hole, and fell, striking on his left hand, which was injured. There was considerable evidence touching the extent of the injury, and the condition of the sidewalk, as it was left by the servants of the defendant. There was a motion for a non-suit, on the grounds, 1st, that there was no negligence on the part of the defendant proved; 2d, that there was negligence proved on the part of the plaintiff, which contributed to the injury. · The motion was denied, and the defendant excepted. The defendant gave some evidence as to the extent of the injury; also as to the manner of treatment of the injury by the plaintiff; also, as to the condition of the sidewalk as left by the servants of the defendant. The charge of the court is not given. The verdict was for the plaintiff, $2,500.

The defendant's counsel in his points, claims that the defendant restored the sidewalk in such a manner as rendered travel on it safe, and that it was not negligent; also, that the plaintiff was negligent, and especially in travelling along the sidewalk in a dark night, without a lamp or other light. The evidence touching the negligence of the parties, was for the jury. The evidence on the part of the plaintiff, I think, showed very clearly the negligence of the servants of the defendant, and I do not think that the evidence on the part of the defendant made the case much better. By it, it appeared that some of the plank were laid down across the space; that the space between the two west tracks of the railroad (some seven feet) "was not all covered, not more than half not covered." The evidence

clearly showed that there was a hole left into which the plaintiff stepped, and that he fell and received the injury.

Whether it was negligence in the plaintiff to walk upon the sidewalk in a dark night without a light, was a question of fact for the jury, and not a question of law for the court. So, also as to the treatment of the injured wrist. It was undoubtedly the duty of the plaintiff to take proper care of the hand and wrist, and if necessary, to employ a competent surgeon. There was considerable evidence touching the injury and its treatment, all of which was submitted to the jury, and the question of the negligence of the plaintiff in regard to the injury was for the jury.

The verdict ought not to be set aside on the ground that the damages were excessive. The evidence tended to prove a very severe injury, and probably in its character, permanent.

The order appealed from, must be affirmed, with costs.

Order affirmed.

DANIELS and TALCOTT, J.J., concurred, BARKER, J., was present, but did not participate, the cause having been tried before him.